T.C. Memo. 2000-46


UNITED STATES TAX COURT


DAN E. AND SUSAN J. MARTENS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 4652-98.                    Filed February 10, 2000.


<u>Lawrence R. Jones, Jr.</u>, for petitioners.

<u>Candace M. Williams</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, <u>Judge</u>:  By notice dated December 10, 1997, respondent determined deficiencies of $21,977 and $7,266, and section 6662(a) penalties of $4,395 and $1,453, relating to petitioners' 1993 and 1994 Federal income taxes, respectively.  All section references are to the Internal Revenue Code in effect for the

years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issues for decision are whether petitioners are: (1) Entitled, pursuant to section 166, to a business bad debt deduction relating to 1993; (2) entitled, pursuant to section 162, to a business expense deduction relating to 1994; and (3) liable, pursuant to section 6662(a), for accuracy-related penalties relating to the deductions.

FINDINGS OF FACT

Mr. Martens, during adolescence, college, and law school, worked at The Stork Shop, Inc. (the Stork Shop), a maternity wear retail store owned by his mother, Estele Wooden. In 1966, she gave him a joint tenancy with right of survivorship in the stock of the Stork Shop. The store was located in Oklahoma City, Oklahoma, approximately 200 miles from Dallas, Texas, where petitioners, husband and wife, have resided and worked since 1982. Mr. Martens has been an attorney since 1974, and Ms. Martens was a homemaker during the years in issue.

Ms. Wooden operated the Stork Shop until it ceased operations in 1993. Mr. Martens made management decisions, and Ms. Martens regularly bought apparel for and monitored inventory levels at the store, but neither of them received any compensation. Petitioners made a series of loans to the Stork

Shop, and, on their 1993 tax return, deducted these loans as a "business loan loss".

In 1994, petitioners paid $10,745 to various creditors of the Stork Shop for ordinary and necessary business expenses that it had incurred. On their 1994 tax return, petitioners deducted the $10,745 as business expenses relating to the Stork Shop.

OPINION

I. Bad Debt Deduction

Section 166 allows a deduction for any debt that becomes worthless during the taxable year and distinguishes between business and nonbusiness debts. A business bad debt must be related to the taxpayer's trade or business. See sec. 166(d)(2).

Respondent concedes that petitioners' loans to the Stork Shop became worthless in 1993, but we must determine whether those loans related to petitioners' trade or business. Although they devoted time and energies to the affairs of the Stork Shop, petitioners earned no income from the corporation. Cf. Whipple v. Commissioner, 373 U.S. 193, 203 (1963) (stating that someone in a trade or business gets "income received directly for his own services rather than indirectly through the corporate enterprise"). Petitioners' efforts were consistent with those of shareholders or of a dutiful son and daughter-in-law. See Garner v. Commissioner, 987 F.2d 267, 271 (5th Cir. 1993) (upholding conclusion that shareholder-employee's motive was to protect his

investment and not his salary, which was zero), affg. T.C. Memo. 1991-569.  Mr. Martens was a full-time lawyer, and Ms. Martens was a homemaker.  They were not employees of the Stork Shop and not in the trade or business of retailing maternity wear. Accordingly, petitioners are not entitled to the business bad debt deduction.

II.  Expense Deduction

Section 162(a) provides that a taxpayer engaged in a trade or business may deduct all ordinary and necessary expenses. Petitioners have failed to establish that the Stork Shop was their trade or business or that the $10,745 was ordinary and necessary expenses of Mr. Martens' law practice or law firm. Moreover, the law firm and the Stork Shop are corporations. Petitioners may not deduct the $10,745 of corporate expenses on their personal return.  See Deputy v. DuPont, 308 U.S. 488, 494 (1940) (stating that "well established decisions of this Court do not permit any such blending of the corporation's business with the business of its stockholders."); sec. 1.162-1(a), Income Tax Regs. (stating that to be deductible, business expenses must be "directly connected with or pertaining to the taxpayer's trade or business").  Accordingly, respondent's determinations are sustained.

III. Accuracy-Related Penalties

Section 6662 imposes an accuracy-related penalty equal to 20 percent of any underpayment attributable to a substantial understatement of income tax.  See sec. 6662(a) and (b)(2). Petitioners have not established, pursuant to section 6664(c)(1), that there was a reasonable cause and that they acted in good faith in claiming the deductions.  Accordingly, petitioners are liable for the accuracy-related penalties.

To reflect the foregoing,

Decision will be entered

under Rule 155.